Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| PETRA J. TORRES SÁNCHEZ<br><br>Peticionaria<br><br>v.<br><br>JORGE MARTÍNEZ TORRES, Y OTROS<br><br>Recurridos | KLCE202401290 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2024CV00238<br><br>Sobre: Impugnación o Nulidad de Testamento. |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece ante este tribunal apelativo, la Sra. Petra Torres Sánchez (la peticionaria) mediante el recurso de epígrafe solicitándonos la revisión de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (el TPI), el 20 de septiembre de 2024, notificada al día siguiente. En dicho dictamen, se le impuso una sanción de $1,000 a la peticionaria.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *certiorari* solicitado por falta de jurisdicción, al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil.

### I.

El 28 de enero de 2024, la peticionaria presentó la *Demanda* de epígrafe solicitando la nulidad del testamento ológrafo otorgado por su hija, la Sra. Daisy Martínez Torres.

En lo aquí pertinente, el 16 de julio de 2024, la peticionaria solicitó la descalificación de la representación legal de la parte

recurrida. Luego de celebrada vista evidenciaria, el 13 de septiembre de 2024, notificada el 9 de septiembre siguiente, el TPI emitió una *Resolución* declarando *no ha lugar* a la petición de descalificación.

Así las cosas, el mismo 9 de septiembre de 2024, la parte recurrida, a saber: el Sr. Jorge Martínez Torres, la Sra. Petra Esther Martínez Torres, y el Sr. Carlos Alfonso Carle Martínez, presentaron una moción solicitando al TPI la imposición de sanciones a la peticionaria "por actuaciones que entorpecen los procedimientos y constituyen conducta constitutiva de demora, inacción o falta de diligencia en perjuicio de la eficiente administración de la justicia."[1] El 20 de septiembre siguiente, notificada ese mismo día, el TPI dictó la *Resolución* recurrida en la cual determinó que "[l]a petición de descalificación carecía de fundamentos, causó perjuicios a los demandados y al Lcdo. Lugo Quiñonez y afectó la eficiencia del trámite judicial en este pleito. La conducta descrita constituyó sin dudas una actuación temeraria de la demandante que amerita ser sancionada."[2] En consecuencia, el foro *a quo* impuso a la peticionaria una sanción de $1,000.

Inconforme, la peticionaria solicitó reconsideración, la cual fue declarada no ha lugar mediante Resolución dictada el 28 de octubre de 2024, notificada ese mismo día.

Aún en desacuerdo, la peticionaria acude ante este foro intermedio mediante el recurso de epígrafe imputándole al TPI haber incurrido en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER MIL DÓLARES DE SANCIÓN A LA PARTE DEMANDANTE/RECURRENTE POR ENTENDER QUE LA SOLICITUD DE DESCALIFICACIÓN DEL LCDO. HECTOR A. LUGO QUIÑONES COMO ABOGADO DE LOS DEMANDADOS /RECURRENTES ERA INJUSTIFICADA E INMERITORIA.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE LA

---

[1] Véase, Apéndice del Recurso, a las págs. 056-057.
[2] *Íd.*, a la pág. 080.

DEMANDANTE/RECURRENTE NO TENÍA LEGITIMACIÓN ACTIVA PARA SOLICITAR LA DESCALIFICACIÓN DEL LCDO. HÉCTOR A. LUGO QUIÑONES.

Examinado el recurso presentado, y a tenor de la determinación arribada, determinamos prescindir del escrito en oposición, según nos faculta la Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7).

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; García v. Padró, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para establecer si debemos expedir un auto de *certiorari* hay que determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.*

Por último, destacamos que, el ejercicio de las facultades de los tribunales de primera instancia, merecen nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart,* 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico,* 152 DPR 140, 154 (2000).

**III.**

En esencia, la peticionaria nos solicita que examinemos la determinación del foro primario sobre la imposición de la sanción de $1,000. En apretada síntesis, entiende que dicha sanción es una medida *desproporcionada e inadecuada* acorde con las circunstancias del caso.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente. La Regla 52.1, *supra,* no contempla la revisión de sanciones. Por otro lado, ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia.[3]

Asimismo, la adjudicación del foro recurrido se fundamentó en la Regla 44.1 de las de Procedimiento Civil y su apreciación de la prueba presentada en la vista evidenciaria celebrada para dilucidar la solicitud de descalificación. Asimismo, debemos abstenernos de intervenir con aspectos de la administración y el manejo del caso, cuando el foro de primera instancia es quien tiene todos los elementos de juicio y está en mejor condición que nosotros para determinar las medidas adecuadas que garanticen la solución, justa y rápida del caso. Por lo cual, esta determinación merece alta deferencia según nos ilustra la jurisprudencia aplicable.

En fin, toda vez que el dictamen recurrido no está comprendido dentro del marco de decisiones interlocutorias

---

[3] Además, destacamos que la *Resolución* declarando *no ha lugar* a la petición de descalificación se notificó el 9 de septiembre de 2024 por lo que la peticionaria tenía hasta el 9 de octubre para recurrir ante esta *Curia.* El presente recurso se presentó el 26 de noviembre de 2024.

revisables, al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra*, lo desestimamos sin trámite ulterior para que continúen los procedimientos del caso, sin mayor dilación.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de *certiorari* de epígrafe, por falta de jurisdicción, al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil, *supra*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones